IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KEITH LEIGH SHANNON,**

    **Petitioner,**

v.        **Civil Action No. 2:10cv43**
        **(Judge Maxwell)**

**KUMA J. DEBOO, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On March 29, 2010, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner asserts that the Bureau of Prisons ("BOP") unlawfully imposed disciplinary sanctions against him. On April 5, 2010, the petitioner paid the required $5.00 filing fee. By Order entered April 6, 2010, the court directed the respondent to show cause why the petition should not be granted. On May 24, 2010, the respondent filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. On May 25, 2010, a Roseboro Notice was issued and on June 3, 2010, the petitioner filed a response.

### I. The Petition

According to the petition, at approximately 12:30 p.m. on September 16, 2009, correctional officers searched the petitioner's cell in the Special Housing Unit ("SHU"). During the search, Senior Officer VanDevender discovered two razor blades attached to magnets underneath the metal desk. Accordingly, Officer Vandevender prepared an incident report charging the petitioner with possession, manufacture, or introduction of a sharpened instrument. (Doc. 1-2, p. 32). The incident report was delivered to the petitioner at 6:25 p.m. that same day. (Id.). The petitioner eventually appeared before the Disciplinary Hearing Officer ("DHO"), via video conference on October 14,

2009. The petitioner maintains that he advised the DHO that he had mailed him a written statement and documentary evidence. According to the petitioner, the DHO could not locate the material saying "It probably hasn't arrived yet," and continued with the hearing. (Doc. 1, p. 8). Following the hearing, the DHO found the petitioner guilty of Prohibited Act 104, Possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive, or any ammunition. The petitioner was sanctioned with 40 days loss of good conduct time; 60 days disciplinary segregation with 30 days suspended pending clear conduct for 180 days; and 90 days loss of commissary, phone and visiting privileges. (Doc. 1, p. 8).

## II . CONTENTIONS OF THE PARTIES

In the instant petition, the petitioner challenges the validity of his disciplinary proceeding and presumably, the resulting loss of GCT. Specifically, the plaintiff alleges that:

> 1. The Bureau of Prisons and agents thereof failed to notify the petitioner that possession of flimsy safety razor blade was, in and by itself, considered a PAC § 104 greatest severity "Dangerous Weapon" offense.
>
> 2. The September 16, 2009 Incident Report composed by Senior Officer VanDevender was wholly retaliatory, and "but for" a retaliatory motive, the Incident Report would not have been composed.
>
> 3. Lieutenants Galligan and Lilly failed to investigate the September 16, 2009 Incidents or petitioner's claims that the Incident Report was composed for improper reasons.
>
> 4. Petitioner was not allowed to present documentary evidence in his own behalf.

For relief, the petitioner seeks an order expunging Incident Report No. 1919304 from his BOP file; restoration of 40 days of Good Conduct Time; restoration of 90 days of telephone, commissary and visiting privileges; and removal of the 30 days of Disciplinary Segregation sanctions that was suspended pending 180 days of clear conduct.

2

In response to the petition, the respondent argues that the same should be dismissed because the petitioner failed to exhaust his administrative remedies. In reply, the petitioner argues that his DHO Appeal was in full accord with BOP regulations. He also argues that "it was the BOP's pertinacious refusal to adhere to their administrative regulations that prevented them from reviewing his claims prior to [him] submitting his cause of action before this court." (Doc. 21, p. 2)..

### III. STANDARD OF REVIEW

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions"

or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. SUMMARY JUDGEMENT**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal

4

Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

### IV. Analysis

A federal prisoner challenging a disciplinary proceeding under § 2241 must exhaust his administrative remedies prior to filing suit. See McCling v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004). Moreover, the "[f]ailure to exhaust may only be excused upon a showing of cause and prejudice." Id.

With regard to disciplinary actions, the exhaustion of administrative remedies is initiated by first filing an appeal of the disciplinary action with the Regional Office within 20 days of receiving **written notification** of the disciplinary action. See 28 C.F.R. § 542.14(d)(2) (emphasis added). If unsatisfied with that response, the petitioner may file an appeal with the Central Office within 30 days of the date the Regional Director signed the response. Id. Where an appeal is rejected at the Regional Level, and the inmate is not given the opportunity to corrects the defect and resubmit, the inmate may appeal that rejection to the Central Office. See 28 C.F.R. § 542.17(c). The Central

5

Office may affirm the rejection, may direct the submission be accepted at the lower level, or may accept the submission as filed. Id. "Appeal to the General Counsel is the final administrative appeal." See 28 C.F.R. § 542.15(a).

As previously noted, the petitioner was charged on September 16, 2009, with violating Prohibited Act Code 104, possession, manufacture, or introduction of a weapon. The DHO hearing was held on October 14, 2009. However, the DHO did not issue a decision until April 29, 2010, and the petitioner received a copy of the report on April 30, 2009. (Doc . 18-1, p. 6), one month after he filed the instant petition seeking relief from the disciplinary action taken by the DHO.

The undersigned recognizes that the petitioner attempted to challenge the disciplinary action by filing Administrative Remedy ID No. 539348-R1 with the Regional Office on December 16, 2009. The petitioner argues that the respondent has erroneously asserted that his attempt to exhaust his administrative remedies were not in compliance with BOP regulations. More specifically, the petitioner argues that the DHO rendered a verbal decision on October 14, 2009, at the conclusion of the hearing. The petitioner then quotes 28 C.F.R. § 541.19, which provides that "[a]n inmate's initial appeal of a decision of the DHO should be filed directly to the appropriate Regional Office. The inmate should forward a copy of the DHO report **or, if not available at the time of filing, should state in his appeal the date of the DHO hearing and the nature of the charges against the inmate**." (Emphasis added). Clearly, the petitioner did not have the DHO report available when he filed his appeal, because the report had not yet been issued. However, the petitioner did note in the first paragraph of his appeal that he was "appealing the October 14, 2009 Disciplinary Hearing and the Hearing Officer's determination that I committed Prohibited Act Code ("PAC") violation 104 (Possession of a Dangerous Weapon)..." Accordingly, the petitioner argues that he did comply with the BOP regulations, and his appeal was improperly dismissed when the Regional Office

reasoned that he "did not provide a copy of the DHO report you wish to appeal or identify the charge and date of the DHO action.

The undersigned acknowledges that the reasoning given for rejecting the appeal does not comport with the actual appeal. However, the petitioner clearly filed his appeal prematurely. Although the petitioner has accurately quoted 28 C.F.R. § 541.19, he has left out the first sentence of this section, which provides that "...gives an inmate written notice of its decision..." This sentence, coupled with the provision of 28 C.F.R. § 542.14(d)(2) which provides that the exhaustion of administrative remedies is initiated by first filing an appeal of the disciplinary action with the Regional Office within 20 days of receiving written notification of the disciplinary action, makes it clear that a prisoner may not begin the administrative remedy process until after the written decision by the DHO is issued.[1].

Accordingly, the petitioner did not exhaust his administrative remedies, and this petition is due to be dismissed. Moreover, under ordinary circumstances, that dismissal would be with prejudice because the petitioner cannot comply with the time restraints of 28 C.F.R. § 542.14(d)(2) which establishes a deadline of 20 days to appeal a DHO decision. Here, the decision was finally issued on, April 29, 2010, and the petitioner received it on April 30, 2010. Therefore, the 20 days has passed. However, "{d]ue to the peculiarities of this case, the BOP will extend the time period for Petitioner to file administrative remedies regarding this disciplinary action." (Doc. 18, p. 5, fn

---

[1]Clearly, the BOP cannot make a meaningful administrative review of a prisoner's challenge to a DHO's findings if the written report has not been issued. Therefore, the phrase "if not available at the time of filing" clearly refers to a situation where the prisoner does not have a copy in his possession, and not to situations where the written decision has not been issued. If a written decision has been issued, and the prisoner does not have a copy available at the time of filing his appeal, the BOP will be able to obtain a copy for review by reference to the hearing date and charges.

3).[2]

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 17) be **GRANTED**; the petitioner's § 2241 petition be **DISMISSED WITHOUT PREJUDICE** for the failure to exhaust administrative remedies, and the BOP be directed to consider, as timely, the petitioner's appeal of the DHO decision if filed within 30 days of entry of any Order adopting this Report and Recommendation.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

---

[2]By requiring the petitioner to attempt proper resolution of his claim within the Bureau's administrative remedy process, the Court would be promoting many of the policies which underlie the exhaustion principle. For example, the administrative remedy process could develop the necessary factual background upon which the petitioner's claim is based, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid the deliberate flouting of the administrative process.

docket. The Clerk is further directed to provide copies of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 28, 2010

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE