# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KEITH LEIGH SHANNON,**

   **Petitioner,**

v.                    Civil Action No. 2:10 CV 43
                           (BAILEY)

**KUMA J. DEBOO, Warden,**

   **Respondent.**

## ORDER

On March 29, 2010, *pro se* Petitioner Keith Leigh Shannon instituted the above-styled civil action by filing an Application for *Habeas Corpus* Pursuant to 28 U.S.C. § 2241 in which he alleges that the Bureau of Prisons unlawfully imposed disciplinary sanctions against him. This case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 2 of the Local Rules of Prisoner Litigation Procedure.

By Order entered April 6, 2010, Magistrate Judge Seibert indicated that his preliminary review of the petitioner's § 2241 Petition had revealed that summary dismissal was not warranted and, accordingly, directed the respondent to show cause why the requested writ should not be granted.

On May 24, 2010, the respondent filed a Motion to Dismiss, or, in the Alternative, for Summary Judgment and Response to Order to Show Cause [Doc. 17]. On May 25, 2010, Magistrate Judge Seibert issued a **Roseboro** Notice advising the petitioner that he had twenty-eight days in which to file any response to the respondent's Motion and that a failure to respond might result in the entry of an order of dismissal against him. On June 3, 2010, the petitioner filed his Response to Respondent's Motion to Dismiss, or in the

Alternative, Motion for Summary Judgment.

On June 28, 2010, Magistrate Judge Seibert issued a Report and Recommendation ("R&R") [Doc. 22] wherein he recommended that the respondent's Motion to Dismiss, or, in the Alternative, for Summary Judgment be granted; that the petitioner's § 2241 Application be dismissed without prejudice for failure to exhaust administrative remedies; and that the Bureau of Prisons be directed to consider, as timely, the petitioner's appeal of the DHO decision, if the same is filed within thirty days of entry of any Order adopting the Report and Recommendation. Specifically, Magistrate Judge Seibert found, because the petitioner had prematurely appealed the DHO decision in question by filing his appeal before having received written notification of the DHO decision, he had failed to exhaust his administrative remedies. Noting that dismissal of the petitioner's § 2241 Application with prejudice would normally be required since the petitioner cannot now comply with the time restraints of 28 C.F.R. § 542.14(d)(2), which establishes a twenty-day deadline for appealing DHO decisions, the Magistrate Judge noted that the respondent herein indicated in its Memorandum in Support of Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Response to Order to Show Cause that the BOP will extend the time period for the petitioner to file administrative remedies regarding the disciplinary action in question "due to the peculiarities of this case."

In his R&R, Magistrate Judge Seibert provided the parties with fourteen days from the date of service in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon the R&R.

The petitioner's Objections to the R&R were filed on July 16, 2010 [Doc. 25].

2

Additionally, on July 22, 2010, the respondent filed a Response to Report and Recommendation [Doc. 26].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. **Thomas v. Arn**, 474 U.S. 140, 150 (1985).

As previously noted, on July 16, 2010, the petitioner filed Objections to Magistrate's Report and Recommendation. In his Objections, the petitioner argues that the Magistrate Judge has misinterpreted 28 C.F.R. § 541.19 to preclude a prisoner from instituting the administrative remedy process until after a written decision by the DHO has been issued. In this regard, the petitioner asserts that 28 C.F.R. § 541.19 clearly and unambiguously provides that a prisoner may institute the administrative remedy process either by providing a copy of the DHO decision in question or by stating in his or her appeal the date of the DHO decision in question and the nature of the charges against the prisoner. In support of his argument, the petitioner references the December 17, 2009, Rejection Notice - Administrative Remedy, wherein he was advised that his regional appeal was rejected because he "did not provide a copy of the DHO report you wish to appeal or identify the charges and date of the DHO action." Because he did identify the charges and the date of the DHO action in question, the petitioner asserts that he has exhausted his administrative remedies and asks this Court to reject the R&R.

In its Response to the R&R, the respondent advises the Court that he does not

object to the analysis and conclusions contained in the R&R. The respondent does, however, point out that both its Response to Order to Show Cause and the R&R should have referenced Program Statement 5270.08, Inmate Discipline and Special Housing Unit, in conjunction with the discussion of 28 C.F.R. § 542.14(d)(2). In this regard, the respondent notes that Program Statement 5270.08 specifically addresses the appeal of DHO decisions and provides as follows, in pertinent part: "Appeals shall be initially filed on Form BP-230(13) (formerly "BP"-10") with the appropriate Regional Director within 20 calendar days from the date that the inmate receives the written notice of decision." Accordingly, the respondent notes that, while 28 C.F.R. § 542.14(d)(2) does not discuss the need for an inmate to have received the written decision by the DHO prior to appealing the same, Program Statement 5270.08 definitely does. In its Response, the respondent asks this Court to adopt the R&R and to add the citation for Program Statement 5270.08.

Having carefully reviewed the R&R, the petitioner's Objections thereto, and the respondent's Response thereto, it is clear to the Court that, with the addition of a discussion of Program Statement 5270.08, the Report and Recommendation entered by United States Magistrate Judge Seibert on June 8, 2010, reached the right decision in this case. Program Statement 5270.08 expressly addresses the appeal of DHO decisions and very clearly requires that appeals be filed within twenty calendar days after an inmate receives written notice of the DHO decision. Because the petitioner filed his appeal before receiving written notification of the DHO decision in question, his appeal was premature, and he did fail to exhaust his administrative remedies. Accordingly, it is

**ORDERED** that the Report and Recommendation entered by United States Magistrate Judge Seibert on June 28, 2010 (Doc. 22), as supplemented by the discussion

4

of Program Statement 5270.08 found herein, be, and the same is hereby, **ADOPTED** for the reasons more fully stated therein. Accordingly, it is

**ORDERED** that the respondent's Motion to Dismiss, or, in the Alternative, for Summary Judgment (Doc. 17) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the petitioner's Application for *Habeas Corpus* Pursuant to 28 U.S.C. § 2241 (Doc. 1) be, and the same is hereby, **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. It is further

**ORDERED** that the Federal Bureau of Prisons is directed to consider, as timely, the petitioner's appeal of the DHO decision in question, if the same is filed within thirty days the date of entry of this Order. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the respondent. It is further

**ORDERED** that, should the petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* petitioner and to counsel of record in the above-styled civil action.

**DATED**: January 14, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE